IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     REAL PROPERTY LOCATED AT 640 LEO LANE, THORNTON, COLORADO;
2.     REAL PROPERTY LOCATED AT 10452 DALE CIRCLE, WESTMINSTER, COLORADO;
3.     $6,991.00 IN UNITED STATES CURRENCY;
4.     2012 TOYOTA TUNDRA, VIN: 5TFDY5F12CX259267;
5.     2011 TOYOTA SIENNA, VIN: 5TDDK3DC5BS005910;
6.     2012 TOYOTA HIGHLANDER, VIN: 5TDBK3EH7CS127963;
7.     REAL PROPERTY LOCATED AT 8911 W. COOPER AVENUE, LITTLETON, COLORADO;
8.     $29,063.00 IN UNITED STATES CURRENCY;
9.     $1,100.00 IN UNITED STATES CURRENCY;
10.    REAL PROPERTY LOCATED AT 1125 SPANGLER DRIVE, NORTHGLENN, COLORADO;
11.    $27,838.00 IN UNITED STATES CURRENCY;
12.    REAL PROPERTY LOCATED AT 13759 STEELE COURT, THORNTON, COLORADO;
13.    $62,008.00 IN UNITED STATES CURRENCY;
14.    REAL PROPERTY LOCATED AT 13865 MILWAUKEE STREET, THORNTON, COLORADO;
15.    REAL PROPERTY LOCATED AT 11139 W. TENNESSEE COURT, LAKEWOOD, COLORADO;
16.    REAL PROPERTY LOCATED AT 12911 CLARKSON CIRCLE, THORNTON, COLORADO;
17.    $6,880.00 IN UNITED STATES CURRENCY;
18.    $2,620.00 IN UNITED STATES CURRENCY;
19.    $1,269.00 IN UNITED STATES CURRENCY;
20.    $9,092.00 IN UNITED STATES CURRENCY,
21.    REAL PROPERTY LOCATED AT 4056 E. 130TH WAY, THORNTON, COLORADO;
22.    $22,076.00 IN UNITED STATES CURRENCY;
23.    REAL PROPERTY LOCATED AT 12352 W. IOWA DRIVE, LAKEWOOD, COLORADO;
24.    REAL PROPERTY LOCATED AT 5786 W. 2ND AVENUE, LAKEWOOD,

1

COLORADO;
25.  REAL PROPERTY LOCATED AT 1913 S. MICHIGAN PLACE, DENVER, COLORADO
26.  $93,050.00 IN UNITED STATES CURRENCY;
27.  REAL PROPERTY LOCATED AT 7866 VALLEJO STREET, DENVER, COLORADO
28.  REAL PROPERTY LOCATED AT 13103 BELLAIRE DRIVE, THORNTON, COLORADO
29.  $9,290.00 IN UNITED STATES CURRENCY;
30.  $2,000.00 IN UNITED STATES CURRENCY;
31.  REAL PROPERTY LOCATED AT 2360 W. 74TH AVENUE, DENVER, COLORADO
32.  $4,523.00 IN UNITED STATES CURRENCY;
33.  REAL PROPERTY LOCATED AT 12895 CLARKSON CIRCLE, THORNTON, COLORADO
34.  $51,510.00 IN UNITED STATES CURRENCY;
35.  REAL PROPERTY LOCATED AT 14575 HIGH STREET, THORNTON, COLORADO
36.  REAL PROPERTY LOCATED AT 5227 GENTLE WIND ROAD, COLORADO SPRINGS, COLORADO
37.  $69,490.00 IN UNITED STATES CURRENCY;
38.  REAL PROPERTY LOCATED AT 7914 KETTLE DRUM STREET, COLORADO SPRINGS, COLORADO;
39.  $3,972.00 IN UNITED STATES CURRENCY;
40.  REAL PROPERTY LOCATED AT 18670 E. IDA AVENUE, AURORA, COLORADO;
41.  $53,042.00 IN UNITED STATES CURRENCY;
42.  REAL PROPERTY LOCATED AT 890 E. 129TH AVENUE, THORNTON, COLORADO;
43.  $24,119.00 IN UNITED STATES CURRENCY;
44.  REAL PROPERTY LOCATED AT 783 MILKY WAY, THORNTON, COLORADO
45.  $3,340.00 IN UNITED STATES CURRENCY;
46.  $5,810.00 IN UNITED STATES CURRENCY;
47.  $14,254.00 IN UNITED STATES CURRENCY;
48.  $5,634.00 IN UNITED STATES CURRENCY;
49.  $6,134.00 IN UNITED STATES CURRENCY;
50.  $28,443.00 IN UNITED STATES CURRENCY;
51.  $8,000.00 IN UNITED STATES CURRENCY;
52.  $18,440.00 IN UNITED STATES CURRENCY;
53.  $53,849.00 IN UNITED STATES CURRENCY;
54.  $16,200.00 IN UNITED STATES CURRENCY;
55.  $3,160.00 IN UNITED STATES CURRENCY;
56.  $31,188.00 IN UNITED STATES CURRENCY;
57.  $2,490.00 IN UNITED STATES CURRENCY;

58.   $4,265.00 IN UNITED STATES CURRENCY;
59.   $2,000.00 IN UNITED STATES CURRENCY;
60.   $18,950.00 IN UNITED STATES CURRENCY;
61.   $4,613.00 IN UNITED STATES CURRENCY;
62.   $2,500.00 IN UNITED STATES CURRENCY;
63.   2018 TOYOTA 4RUNNER, VIN: JTEBU5JR8J5519773;
64.   2012 HONDA PILOT, VIN: 5FNYF4H99CB040658;
65.   2016 BMW X5 SUV, VIN: 5YMKT6C59G0R77777;
66.   2001 MERCEDES-BENZ, VIN: WDBFA68F51F200369;
67.   2002 PORSCHE 911, VIN: WP0AB29902S686480;
68.   2014 SUBARU LEGACY, VIN: 4S4BRDLC1E2307535;
69.   2012 TOYOTA RAV4, VIN: 2T3BK4DV6CW089914;
70.   2015 TOYOTA SIENNA, VIN: 5TDJK3DCXFS126621;
71.   2014 TOYOTA FJ CRUISER, VIN: JTEBU4BFXEK190094;
72.   2015 SCION TC, VIN: JTKJF5C72FJ003406;

Defendants.

_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, by and through United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Actions G(2), states:

### JURISDICTION AND VENUE

1.      The United States of America has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of the narcotics provisions of 21 U.S.C. § 801 *et seq.*   This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.      Venue is proper under 28 U.S.C. § 1395, as the defendant property is located, and the acts described herein occurred, in the District of Colorado.

### DEFENDANT PROPERTY

3

3.     Defendant property is more fully described as follows:

a. 640 Leo Lane, Thornton, Colorado ("defendant 640 Leo Lane"), including all appurtenances and attachments thereto, is more fully described as: Lot 8, Block 10, North Star Hills First Filing, County of Adams, State of Colorado

b. 10452 Dale Circle, Westminster, Colorado ("defendant 10452 Dale Circle"), including all appurtenances and attachments thereto, is more fully described as: Lot 22, Block 2, Meadowlark Subdivision, County of Adams, State of Colorado

c. $6,991.00 in United States currency ("defendant $6,991.00 in U.S. currency") seized on August 9, 2018 from 10452 Dale Circle, Westminster, Colorado.  Defendant $6,991.00 is currently being held by the United States Marshals Service in Denver, Colorado

d. 2012 Toyota Tundra, VIN: 5TFDY5F12CX259267 ("defendant 2012 Toyota Tundra"), seized on August 9, 2018 from 12155 Adams Street, Thornton, Colorado.  Defendant 2012 Toyota Tundra is currently being held by the United States Marshals Service in Denver, Colorado

e. 2011 Toyota Sienna, VIN: 5TDDK3DC5BS005910 ("defendant 2011 Toyota Sienna"), seized on August 9, 2018 from 8000 W. Crestline Avenue, Denver, Colorado.  Defendant 2011 Toyota Sienna is currently being held by the United States Marshals Service in Denver, Colorado

f. 2012 Toyota Highlander, VIN: 5TDBK3EH7CS127963 ("defendant 2012 Toyota Highlander"), seized on August 9, 2018 from 890 E. 129th Avenue, Thornton, Colorado.  Defendant 2012 Toyota Highlander is currently being held by the United States Marshals Service in Denver, Colorado

g. 8911 W. Cooper Avenue, Littleton, Colorado ("defendant 8911 W. Cooper Ave.:), including all appurtenances and attachments thereto, more fully described as: Lot 5, Block 1, Stoney Creek Filing No. 7, County of Jefferson, State of Colorado

h. $29,063.00 in United States currency ("defendant $29,063.00 in U.S. currency), seized on August 9, 2018 from 8911 W. Cooper Avenue, Littleton, Colorado.  Defendant $29,063.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

i.  $1,100.00 in United States currency ("defendant $1,100 in U.S. currency), seized on August 9, 2018 from 8911 W. Cooper Avenue, Littleton, Colorado.  Defendant $1,100.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

j.  1125 Spangler Drive, Northglenn, Colorado ("defendant 1125 Spangler Dr."), including all appurtenances and attachments thereto, more fully described as: Lot 18, Block 17, Heftler Homes Hillcrest First Filing, County of Adams, State of Colorado

k.  $27,838.00 in United States currency ("defendant $27,838.00 in U.S. currency), seized on August 9, 2018 from 1125 Spangler Drive, Northglenn, Colorado.  Defendant $27,838.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

l.  13759 Steele Court, Thornton, Colorado ("defendant 13759 Steele Court"), including all appurtenances and attachments thereto, more fully described as: Lot 5, Block 9, Cherrywood Park Filing No. 2, County of Adams, State of Colorado

m.  $62,008.00 in United States currency ("defendant $62,008.00 in U.S. currency), seized on August 9, 2018 from 13759 Steele Court, Thornton, Colorado.  Defendant $62,008.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

n.  13865 Milwaukee Street, Thornton, Colorado ("defendant 13865 Milwaukee Street"), including all appurtenances and attachments thereto, more fully described as: Lot 7, Block 3, Cherrywood Park Filing No. 5, County of Adams, State of Colorado

o.  11139 W. Tennessee Court, Lakewood, Colorado ("defendant 11139 W. Tennessee Court"), including all appurtenances and attachments thereto, more fully described as: Lot 49, Block 1, West Star, County of Jefferson, State of Colorado

p.  12911 Clarkson Circle, Thornton, Colorado ("defendant 12911 Clarkson Circle"), including all appurtenances and attachments thereto, more fully described as: Lot 25, Block 2, Lakeshore Patios at Hunters Glen Subdivision, County of Adams, State of Colorado

q.  $6,880.00 in United States currency ("defendant $6,880.00 in U.S. currency"), seized on August 9, 2018 from 12911 Clarkson Circle,

5

Thornton, Colorado.  Defendant $6,880.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

r.  $2,620.00 in United States currency ("defendant $2,620.00 in U.S. currency"), seized on August 9, 2018 from 12911 Clarkson Circle, Thornton, Colorado.  Defendant $2,620.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

s.  $1,269.00 in United States currency ("defendant $1,269.00 in U.S. currency"), seized on August 9, 2018 from 12911 Clarkson Circle, Thornton, Colorado.  Defendant $1,269.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

t.  $9,092.00 in United States currency ("defendant $9,092.00 in U.S. currency), seized on August 9, 2018 from 1389 E. 96th Drive, Thornton, Colorado.  Defendant $9,092.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

u.  4056 E. 130th Way, Thornton, Colorado ("defendant 4056 E. 130th Way"), including all appurtenances and attachments thereto, more fully described as: Lot 14, Block 1, Country Hills Filing 3 AMD # 1, County of Adams, State of Colorado

v.  $22,076.00 in United States currency ("defendant $22,076.00 in U.S. currency"), seized on August 9, 2018 from 4056 E. 130th Way, Thornton, Colorado.  Defendant $22,076.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

w.  12352 W. Iowa Drive, Lakewood, Colorado ("defendant 12352 W. Iowa Drive"), including all appurtenances and attachments thereto, more fully described as: Lot 8, Block 83, Green Mountain Village Filing No. 12, County of Jefferson, State of Colorado

x.  5786 W. 2nd Avenue, Lakewood, Colorado (defendant 5786 W. 2nd Avenue"), including all appurtenances and attachments thereto, more fully described as: Lot 0001, Block 001, 222850 Elmwood estates Filing No. 2, County of Adams, State of Colorado

y.  1913 S. Michigan Place, Denver, Colorado ("defendant 1913 S. Michigan Place"), including all appurtenances and attachments thereto, more fully described as: Lot 10, Block 19, Harvey Park Addition Filing No. 1, County of Denver, State of Colorado

z.   $93,050.00 in United States currency ("defendant $93,050.00 in U.S. currency"), seized on August 9, 2018 from 1913 S. Michigan Way, Denver, Colorado.  Defendant $93,050.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

aa. 7866 Vallejo Street, Denver, Colorado ("defendant 7866 Vallejo Street"), including all appurtenances and attachments thereto, more fully described as: Lot 24, Block 8, Florado Third Filing, County of Adams, State of Colorado

bb. 13103 Bellaire Drive, Thornton, Colorado ("defendant 13103 Bellaire Drive"), including all appurtenances and attachments thereto, more fully described as: Lot 2, Block 3, County Hills Filing No. 4 Amendment No. 1, County of Adams, State of Colorado

cc.  $9,290.00 in United States currency ("defendant $9,290.00 in U.S. currency"), seized on August 9, 2018 from 13103 Bellaire Drive, Thornton, Colorado.  Defendant $9,290.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

dd. $2,000.00 in United States currency ("defendant $2,000.00 in U.S. currency from Scenic Drive"), seized on August 9, 2018 from 5822 Scenic Drive, Firestone, Colorado.  Defendant $2,000.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

ee. 2360 W. 74th Avenue, Denver, Colorado ("defendant 2360 W. 74th Avenue"), including all appurtenances and attachments thereto, more fully described as: Lot 2, Block 5, Perl Mack Manor 13th Filing, County of Adams, State of Colorado

ff.  $4,523.00 in United States currency ("defendant $4,523.00 in U.S. currency"), seized on August 9, 2018 from 2360 W. 74th Avenue, Denver, Colorado.  Defendant $4,523.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

gg. 12895 Clarkson Circle, Thornton, Colorado ("defendant 12895 Clarkson Circle"), including all appurtenances and attachments thereto, more fully described as: Lot 27, Block 2, Lakeshore Patios at Hunters Glen, County of Adams, State of Colorado

hh. $51,510.00 in United States currency ("defendant $51,510.00 in U.S. currency"), seized on August 9, 2018 from 12895 Clarkson Circle, Thornton, Colorado.  Defendant $51,510.00 in U.S. currency is

currently being held by the United States Marshals Service in Denver, Colorado

ii.  14575 High Street, Thornton, Colorado ("defendant 14575 High Street"), including all appurtenances and attachments thereto, more fully described as: Lot 30, Block 8, Quail Valley Subdivision Filing No. 2, County of Adams, State of Colorado

jj.  5227 Gentle Wind Road, Colorado Springs, Colorado ("defendant 5227 Gentle Wind Road"), including all appurtenances and attachments thereto, more fully described as: Lot 62, Stetson Ridge South Sub Filing No. 2, County of El Paso, State of Colorado

kk.  $69,490.00 in United States currency ("defendant $69,490.00 in U.S. currency"), seized on August 9, 2018 from 5227 Gentle Wind Road, Colorado Springs, Colorado.  Defendant $69,490.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

ll.   7914 Kettle Drum Street, Colorado Springs, Colorado ("defendant 7914 Kettle Drum Street"), including all appurtenances and attachments thereto, more fully described as: Lot 81, Eastview Estates Filing No. 2, County of El Paso, State of Colorado

mm.   $3,972.00 in United States currency ("defendant $3,972.00 in U.S. currency"), seized on August 9, 2018 from 7914 Kettle Drum Street, Colorado Springs, Colorado.  Defendant $3,972.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

nn. 18670 E. Ida Avenue, Aurora, Colorado ("defendant 18670 E. Ida Avenue"), including all appurtenances and attachments thereto, more fully described as: Lot 27, Block 1, Tuscany 2nd Filing, County of Arapahoe, State of Colorado

oo. $53,042.00 in United States currency ("defendant $53,042.00 in U.S. currency"), seized on August 9, 2018 from 18670 E. Ida Avenue, Aurora, Colorado.  Defendant $53,042.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

pp. 890 E. 129th Avenue, Thornton, Colorado ("defendant 890 E. 129th Avenue"), including all appurtenances and attachments thereto, more fully described as: Lot 24, Block 4, Lakeshore Patios at Hunters Glen, County of Adams, State of Colorado

qq. $24,119.00 in United States currency ("defendant $24,119.00 in U.S. currency"), seized on August 9, 2018 from, 890 E. 129th Avenue, Thornton, Colorado.  Defendant $24,119.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

rr.   783 Milky Way, Thornton, Colorado ("defendant 783 Milky Way"), including all appurtenances and attachments thereto, more fully described as: Lot 27, Block 8, North Star Hills First Filing, County of Adams, State of Colorado

ss.  $3,340.00 in United States currency ("defendant $3,340.00 in U.S. currency"), seized on August 9, 2018 from, 7700 W. Glasgow Place #16A, Littleton, Colorado.  Defendant $3,340.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

tt.  $5,810.00 in United States currency ("defendant $5,810.00 in U.S. currency"), seized on August 9, 2018 from, 12259 Adams Street, Thornton, Colorado.  Defendant $5,810.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

uu. $14,254.00 in United States currency ("defendant $14,254.00 in U.S. currency"), seized on August 9, 2018 from, 12259 Adams Street, Thornton, Colorado.  Defendant $14,254.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

vv.  $5,634.00 in United States currency ("defendant $5,634.00 in U.S. currency"), seized on August 9, 2018 from, 2237 E. 145th Place, Thornton, Colorado.  Defendant $5,634.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

ww.    $6,134.00 in United States currency ("defendant $6,134.00 in U.S. currency"), seized on August 9, 2018 from, 16035 Savory Circle, Parker, Colorado.  Defendant $6,134.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

xx. $28,443.00 in United States currency ("defendant $28,443.00 in U.S. currency"), seized on August 9, 2018 from, 3482 E. 123rd Avenue, Thornton, Colorado.  Defendant $28,443.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

yy. $8,000.00 in United States currency ("defendant $8,000.00 in U.S. currency"), seized on August 9, 2018 from, 16775 Williams Street, Thornton, Colorado. Defendant $8,000.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

zz. $18,440.00 in United States currency ("defendant $18,440.00 in U.S. currency"), seized on August 9, 2018 from, 4230 Barr Lane, Westminster, Colorado. Defendant $18,440.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

aaa. $53,849.00 in United States currency ("defendant $53,849.00 in U.S. currency"), seized on August 9, 2018 from, 8000 W. Crestline Avenue #611, Denver, Colorado. Defendant $53,849.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

bbb. $16,200.00 in United States currency ("defendant $16,200.00 in U.S. currency"), seized on August 9, 2018 from, 5786 W. 2nd Avenue, Lakewood, Colorado. Defendant $16,200.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

ccc. $3,160.00 in United States currency ("defendant $3,160.00 in U.S. currency"), seized on August 9, 2018 from, 5786 W. 2nd Avenue, Lakewood, Colorado. Defendant $3,160.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

ddd. $31,188.00 in United States currency ("defendant $31,188.00 in U.S. currency"), seized on August 9, 2018 from, 4410 E. 131st Place, Thornton, Colorado. Defendant $31,188.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

eee. $2,490.00 in United States currency ("defendant $2,490.00 in U.S. currency"), seized on August 9, 2018 from, 4410 E. 131st Place, Thornton, Colorado. Defendant $2,490.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

fff. $4,265.00 in United States currency ("defendant $4,265.00 in U.S. currency"), seized on August 9, 2018 from, 6643 S. Field Court, Littleton, Colorado. Defendant $4,265.00 in U.S. currency is currently

being held by the United States Marshals Service in Denver, Colorado

ggg.   $2,000.00 in United States currency ("defendant $2,000.00 in U.S. currency from Bellaire Drive"), seized on August 9, 2018 from, 13103 Bellaire Drive, Thornton, Colorado.  Defendant $2,000.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

hhh.   $18,950.00 in United States currency ("defendant $18,950.00 in U.S. currency"), seized on August 9, 2018 from, 13103 Bellaire Drive, Thornton, Colorado.  Defendant $18,950.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

iii.   $4,613.00 in United States currency ("defendant $4,613.00 in U.S. currency"), seized on August 9, 2018 from, 15909 Josephine Street, Thornton, Colorado.  Defendant $4,613.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

jjj.  $2,500.00 in United States currency ("defendant $2,500.00 in U.S. currency"), seized on August 9, 2018 from, 4811 Turning Leaf Way, Colorado Springs, Colorado.  Defendant $2,500.00 in U.S. currency is currently being held by the United States Marshals Service in Denver, Colorado

kkk.   2018 Toyota 4Runner, VIN: JTEBU5JR8J5519773 ("defendant 2018 Toyota 4Runner"), seized on August 9, 2018 from 11361 Leyden Street, Thornton, Colorado.  Defendant 2018 Toyota 4Runner is currently being held by the United States Marshals Service in Denver, Colorado

lll.  2012 Honda Pilot, VIN: 5FNYF4H99CB040658 ("defendant 2012 Honda Pilot"), seized on August 9, 2018 from 13759 Steele Court, Thornton, Colorado.  Defendant 2012 Honda Pilot is currently being held by the United States Marshals Service in Denver, Colorado

mmm.   2016 BMW X5, VIN: 5YMKT6C59G0R77777 ("defendant 2016 BMW X5"), seized on August 9, 2018 from 12155 Adams Street, Thornton, Colorado.  Defendant 2016 BMW X5 is currently being held by the United States Marshals Service in Denver, Colorado

nnn.   2001 Mercedes-Benz SL Convertible, VIN: WDBFA68F51F200369 ("defendant 2001 Mercedes-Benz"), seized on August 9, 2018 from 12155 Adams Street, Thornton, Colorado.  Defendant 2001 Mercedes-

Benz is currently being held by the United States Marshals Service in Denver, Colorado

ooo.    2002 Porsche 911, VIN: WP0AB29902S686480 ("defendant 2002 Porsche 911"), seized on August 9, 2018 from 12231 Steele Street, Thornton, Colorado.  Defendant 2002 Porsche 911 is currently being held by the United States Marshals Service in Denver, Colorado

ppp.    2014 Subaru Legacy, VIN: 4S4BRDLC1E2307535 ("defendant 2014 Subaru Legacy"), seized on August 9, 2018 from 8911 W. Cooper Avenue, Littleton, Colorado.  Defendant 2014 Subaru Legacy is currently being held by the United States Marshals Service in Denver, Colorado

qqq.    2012 Toyota Rav4 VIN: 2T3BK4DV6CW089914 ("defendant 2012 Toyota Rav4"), seized on August 9, 2018 from 8911 W. Cooper Avenue, Littleton, Colorado.  Defendant 2012 Toyota Rav4 is currently being held by the United States Marshals Service in Denver, Colorado

rrr.    2015 Toyota Sienna VIN: 5TDJK3DCXFS126621  ("defendant 2015 Toyota Sienna"), seized on August 9, 2018 from 12259 Adams Street, Thornton, Colorado.  Defendant 2015 Toyota Sienna is currently being held by the United States Marshals Service in Denver, Colorado

sss.    2014 Toyota FJ Cruiser VIN: JTEBU11F570022698 ("defendant 2007 Toyota FJ Cruiser"), seized on August 9, 2018 from 10508 Pitkin Street, Commerce City, Colorado.  Defendant 2014 Toyota FJ Cruiser is currently being held by the United States Marshals Service in Denver, Colorado

ttt.    2015 Scion TC VIN: JTKJF5C72FJ003406 ("defendant 2015 Scion TC"), seized on August 9, 2018 from 13411 Humboldt Way, Thornton, Colorado.  Defendant 2015 Scion TC is currently being held by the United States Marshals Service in Denver, Colorado

## 2007 INVESTIGATION

4.    In 2007, the DEA initiated an investigation into the Dan TANG family for offenses related to money laundering and the cultivation of marijuana.  The investigation showed that Dan Tang, Fa Yin Deng, his wife Kelly Chuong, Phillip Le and several other family members were using residential homes in the north Denver Metro area for the

12

cultivation of marijuana.   During the execution of search warrants at marijuana grow homes in February 2008, officers discovered that many of the homes had bypassed the electrical meter.

5.      The Tang family owned multiple restaurants that were used to launder the illegal proceeds from the sale of marijuana.  The money from marijuana distribution was shown as daily cash sales at the restaurants.  These restaurants also provided fictitious payroll records for Tang DTO marijuana growers.  Individuals who operated marijuana grows for the Tang DTO would be listed as an employee of a Tang restaurant, despite not actually working at the restaurant.  This provided Tang DTO marijuana cultivators with a legitimate source of income.  Providing the DTO's cultivators with legitimate income also allowed the DTO to secure loans for the purchase of additional homes.  These homes would then be used for growing marijuana.

6.      At the conclusion of the investigation in 2008, 28 defendants were indicted on a combination of federal and state charges, including several Tang family members who were charged with crimes relating to marijuana distribution/cultivation and money laundering, as a result of that investigation.  Dan Tang pled guilty to conspiracy to commit money laundering, Fa Yin Deng pled guilty to marijuana cultivation, and Kelly Chuong pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute 1,000 or more marijuana plants.  Investigators executed 11 search warrants during that initial investigation and seized 24,056 high-grade marijuana plants from 24 indoor grow operations, located inside new homes.  Investigators also seized $3 million in cash and $1.2 million worth of marijuana grow equipment.

**Current Investigation**

7.      During the summer of 2016, investigators began looking into the Asian Pride Drug Trafficking Organization (DTO) after the discovery of two outdoor marijuana grows in Adams County, Colorado.  Investigators learned that a Chinese DTO was operating a network of marijuana grows that provided marijuana to Asian Pride DTO member, Long Phan.  The investigation has shown that the Chinese DTO has been operating between 250 and 500 illegal marijuana grows at properties in the Denver, Colorado, area.

8.      This investigation has shown the Chinese DTO is comprised of several smaller DTOs that work together to illegally grow marijuana in Colorado, and then distribute it outside the state.  Members of the Dan Tang family (Tang DTO) and members of the Long Ruan family (Ruan DTO) have been identified as two DTOs that comprise a portion of the Chinese DTO.   The Tang DTO and the Ruan DTO represent major controlling factions of the Chinese DTO.

9.      The Tang DTO currently operates marijuana grow homes along the front range of Colorado.  Kelly Chuong and her husband, Fa Yin Deng, are responsible for the day-to-day operations of the Tang DTO.  Fa Yin Deng is responsible for distributing marijuana, and Kelly Chuong is responsible for laundering money through multiple restaurants with which she is associated.  These restaurants function much like they did during the 2007 investigation, laundering money as cash sales and providing W2s and the appearance of legitimate wages to members of the DTO.

10.      The Tang extended family is comprised of the Feng's, Deng's, Chuong's, Li's, and Zhou's.  The primary members of the Tang DTO are:

14

     a.    <u>Dan TANG</u>.  Tang was the leader of the DTO during the 2007 DEA investigation.  He is now operating the Heaven Dragon Restaurant and DTO members are fictitiously listed as employees.

     b.    <u>Kelly CHUONG</u>.  Chuong appears to be the primary person responsible for the money laundered through TANG DTO restaurants.  Chuong is married to Fa Yin Deng

     c.    <u>Fa Yin DENG</u>.  Deng is responsible for the distribution of marijuana grown by Tang DTO marijuana cultivators.  Deng is married to Kelly Chuong.

     d.    <u>Phillip Le:</u>  Le grows marijuana and distributes it out of the stash house at 244 S. Bryant Street.

     e.    <u>Nam Thong:</u>  Thong is the primary person responsible for marijuana distributed out of the stash house at 244 S. Bryant Street.

**Evidence of Electrical Diversion**

11.    During the investigation, a Honda minivan, registered to Kevin Delaney, had frequently been seen at several Tang DTO marijuana grows.  Delaney is a licensed electrician in the State of Colorado.  Several of the power diversions identified below had historical electrical usage that was elevated and indicative of marijuana cultivations.

12.    On June 7, 2018, a search warrant was executed at a Tang DTO marijuana grow located at 4795 S. Rome Way, Centennial, Colorado.  Deng Feng Yu was identified as the resident of the home.  Yu's address on his Colorado driver's license was 4037 E. 130th Way, Thornton, Colorado.  According to the Adams County Assessor records, Dan Tang owns 4037 E. 130th Way.

13.     Inside the residence at 4795 S. Rome Way, investigators discovered that the basement was set up as a large marijuana grow, including large grow lights.   The basement was divided into smaller rooms using foam backer board.   Investigators also found a hole had been bored into the basement foundation wall.   Through the hole, the main power lines coming into the home were spliced into prior to the electrical meter. Bypassing the meter in this fashion allowed the high wattage marijuana grow lights to use electricity that was not recorded on the electrical meter; however, the normal household appliances still used electricity that passed through the meter.   Bypassing the meter so the upstairs still used metered electricity would make the monthly electrical usage at the home appear normal.

## STASH HOUSE AT 244 S. BRYANT STREET

14.     Members of the DTOs used a stash house at 244 S. Bryant Street, Denver, Colorado, to store marijuana and facilitate marijuana sales.   During the investigation, there have been dozens of suspected marijuana transactions observed via a pole camera at this home.

15.     In addition, several shipments of marijuana were intercepted after leaving 244 S. Bryant Street.

16.     On September 14, 2017, around 10:45 am, investigators observed defendant 2011 Toyota Sienna minivan, registered to Nam A. Thong at 244 S. Bryant Street.   At 10:40 am, from the pole camera, a gray GMC SUV, registered to Meiting Su and Mingde He, was seen pulling into the back yard and the driver went inside.   A few

minutes later, the driver of the GMC came back out of 244 S. Bryant Street with a cardboard box.  The box was placed into the back of the GMC SUV and it left.

17.     On September 14, 2017, at 1:13 p.m., defendant 2016 BMW X5 parked in the back of 244 S. Bryant Street and the male driver went inside.  He returned a few minutes later carrying a full black trash bag and placed it in the back cargo area of defendant 2016 BMW X5.  A short time later, the Westminster Police Department stopped defendant 2016 BMW X5 for a traffic violation and the vehicle was searched.  Inside the cargo area, officers found one black trash bag that contained 15 vacuum-sealed bags of marijuana and another trash bag that contained one vacuum-sealed bag of marijuana. The total weight of the marijuana was 15.54 pounds.  The driver told investigators that he was selling the marijuana to a customer from Texas.

18.     On December 18, 2017, around 2:15 pm, officers were surveilling Pao Pao I, a grow supply store.  A silver Honda Accord, registered to Mingde He, was seen from the pole camera pulling up to the back bay-door of the store.  Mingde He removed a black trash bag from the Honda Accord and carried it into Pao Pao I.  At 2:28 pm, Mingde He came out the bay door of Pao Pao with another Asian male, who was carrying a cardboard box and placed into He's Honda Accord.

19.     Mingde He left Pao Pao I and was stopped by the Arapahoe County Sheriff's Office for a traffic violation.  Deputies searched the Honda Accord and located three one-pound vacuum-sealed bags of marijuana and a marijuana grow light in the cardboard box.  Deputies also found an additional one-pound vacuum-sealed bag of marijuana in the vehicle.  Mingde He was released from the scene.  At 3:41p.m., from the

17

pole camera at 244 S. Bryant Street, Mingde He was observed parking behind the home in the Honda Accord.

20.     On May 23, 2018, investigators were conducting surveillance at 244 S. Bryant Street.  At 6:46pm, a GMC Canyon truck, registered to Tuan Anh Le, arrived in the back of 244 S. Bryant Street.  The driver of the truck was later identified as Tuan Le.  Le went into 244 S. Bryant Street. A few minutes later, Le came out from the home carrying a large full trash bag.  Le placed the bag in the GMC Truck and left.  Investigators followed Le and he was stopped for a traffic violation.  A search of the truck revealed a black trash bag containing 10 vacuum-sealed bags of marijuana with a total weight of 13.98 pounds.

## STASH HOUSE AT 12311 STEELE STREET

21.     On March 28, 2018, the Thornton, Colorado, Police Department responded on a welfare check at 12311 Steele Street, Thornton, Colorado.  Investigators learned the subject of the welfare check no longer lived at 12311 Steele Street; however, officers observed large amounts of packaged marijuana spread all over the floor of the home.  A search warrant was obtained for the home.  When the warrant was executed, it was discovered 12311 Steele Street was used as a stash location to store marijuana, distribute marijuana, and collect money from the sale of marijuana.  Inside the home investigators located bulk marijuana packaging supplies, two money-counting machines, and 326 pounds of packaged marijuana product.  Kelly Chuong owns 12311 Steele Street.

22.     Thornton Police Department Officers contacted Cheng Hung Chung at the home.  Investigators later interviewed Chung and stated 12311 Steele Street was used

by Fa Yin Deng to distribute marijuana. Chung said Deng had marijuana delivered to the home by marijuana growers in black trash bags. Deng would meet buyers at the home and sell them marijuana. Chung stated he worked during the day in a restaurant owned by the Tang family. Chung was allowed to stay rent free at 12311 Steele Street. In exchange, he was supposed to watch the marijuana inside the home during the night.

23.     Kelly Chuong later told investigators that she owned 12311 Steele Street and stated the vehicles parked at the home did belong to Fa Yin Deng. Chuong stated the home was rented by Cheng Hung Chung and neither she nor Fa Yin Deng had any knowledge about what went on inside the home.

## STASH HOUSE AT 12462 MADISON WAY

24.     The property located at 12462 Madison Way, Thornton, Colorado, was identified in the investigation as a marijuana stash house used by the Tang DTO. On June 19, 2018, around 10:34 am, a silver Subaru Impreza, registered to Lan Chuong, pulled into the garage at 12462 Madison Way followed by Fa Yin Deng's black defendant 2012 Toyota Tundra. Approximately an hour later, Fa Yin Deng was seen unloading five large cardboard boxes from the Tundra.

25.     Around 1pm, defendant 2007 Toyota FJ Cruiser, registered to James Cook, backed up to the garage at 12462 Madison Way. At 1:05 pm, Fa Yin Deng arrived in the black Tundra. The garage door opened and Deng walked inside and the FJ Cruiser backed into the garage.

26.     At 1:08 pm, the garage opened and the defendant Toyota FJ Cruiser left. The FJ Cruiser was stopped by Thornton Police Department for a traffic violation. A

search of the vehicle revealed six large black trash bags.  Inside the trash bags were individually packaged vacuum-sealed bags with finished marijuana product.  The total weight of the marijuana located inside defendant Toyota FJ Cruiser was 123 pounds.

27.     Officers then interviewed Cook, who stated that he was being paid $25 per pound to pick the marijuana up from a home off 124th Avenue and Madison Street.  Cook was going to deliver the marijuana to "Phil" off 68th Avenue and Pecos Street.

**Defendant 640 Leo Lane, Thornton, Colorado**

28.     Land records show that defendant 640 Leo Lane, is owned by Dieu Ngo and Binh Tran.  Ngo and Tran resided at 783 Milky Way, a residence that also was shown to contain an illegal marijuana grow.  Records of Xcel Energy list the account holder as Phillip Le.  Philip Le is frequently at 244 Bryant Street and has been seen on multiple occasions bringing boxes and trash bags into 244 Bryant Street.

29.      Between June 2017 and April 2018, the average monthly electrical usage at defendant 640 Leo Lane was 8,799 kWh.  During April 2018, defendant 640 Leo Lane used 5,735 kWh of electricity.  Homes of comparable size use between 250 and 1000 kWh of electricity per month.

30.     On August 9, 2018, a search warrant was executed at defendant 640 Leo Lane.  During the search, officers found evidence of a dismantled marijuana grow, including a built-out basement.  In addition, a neighbor advised that a "roll-off" dumpster had been present at the address a week prior.

**Defendants 10452 Dale Circle, Westminster, Colorado and $6,991.00 in U.S. Currency**

31.     Land records show that defendant 10452 Dale Circle, is owned by Zhuo Baio Tan and Hai Yan Feng.  Records of Xcel Energy list the account holder at defendant 10452 Dale Circle as Zhuo Baio Tan.  Between April 2017 and April 2018, the average monthly electrical usage at defendant 10452 Dale Circle was 11,918 kWh.  During April 2018, 10452 Dale Circle used 12,437 kWh of electricity

32.     On August 9, 2018, a search warrant was executed at defendant 10452 Dale Circle.  During the search, officers found .approximately 247 marijuana plants, approximately 95 pounds of dried marijuana, and defendant $6,991.00 in U.S. currency.

### Association Between
### 10452 Dale Circle, Phillip Le, and Nam Thong

33.     On April 30, 2018, the pole camera was being monitored at 244 S. Bryant Street.  Defendant 2012 Toyota Tundra owned by Phillip Le was parked in the back of the residence.  During this time, defendant 2011 Toyota Sienna, owned by Nam Thong was parked in front of 244 S. Bryant Street.

34.     At 1:19 pm, defendant 2012 Toyota Highlander, registered to Zhuo Bia, was parked in the back of 244 S. Bryant Street.  The Asian male driver, wearing a pink shirt, removed a large full black trash bag from the rear of defendant 2012 Toyota Highlander.  A male who resembled the Colorado driver's license picture of Phillip Le exited 244 S. Bryant Street.  Le took the black trash bag, placed it into defendant 2012 Toyota Tundra, and left.  The male in the pink shirt went inside 244 S. Bryant Street.

35.     GPS tracker data showed that Le drove directly to 8405 W. 5th Place, Lakewood, Colorado.  Le stayed at this location about 10 minutes before returning to 244

S. Bryant Street.  Le parked in the back of 244 S. Bryant Street and went inside.  Le appeared to have a brown envelope he was concealing beneath his shirt.

36.     At 2:10 pm, Le retrieved a small cardboard box from his vehicle and took it inside 244 S. Bryant Street.  Le then left in defendant 2012 Toyota Tundra.  GPS tracker data showed that Le drove to his personal residence, 7700 W. Glasgow Place #16A.

37.     At 2:29 pm, the driver of defendant 2012 Toyota Highlander left 244 S. Bryant Street and was followed to defendant 10452 Dale Circle where he pulled into the garage.

**Defendants 8911 W. Cooper Avenue, Littleton, Colorado, $29,063.00 in U.S. Currency and $1,100.00 in U.S. Currency**

38.     Land records show that defendant 8911 W. Cooper Avenue, is owned by Ninh Nguyen and Tham Nguyen.  Records of Xcel Energy list the account holder for defendant 8911 W. Cooper Ave as Ninh Nguyen.  Between May 2017 and April 2018, the average monthly electrical usage at defendant 8911 W. Cooper Ave was 6,273 kWh.  During April 2018, defendant 8911 W. Cooper Ave used 3,455 kWh of electricity.

39.     A male who resembles the Colorado driver's license picture of Ninh Nguyen is often seen at 244 S. Bryant St.  Ninh Nguyen drives a white minivan, which is also often seen at 244 S. Bryant St.  Between April 21, 2018, and May 30, 2018, GPS monitoring showed that Ninh Nguyen would often drive between 244 S. Bryant St. and his residence at defendant 8911 W. Cooper Avenue.

40.     On August 9, 2018, a search warrant was executed at defendant 8911 W. Cooper Avenue.  During the search, officers found approximately 137 marijuana plants,

approximately 145 pounds of dried marijuana, defendant $29,063.00 in U.S. currency and defendant $1,100.00 in U.S. currency.

**Defendants 1125 Spangler Drive, Northglenn, Colorado, Three Assorted Watches and $27,838.00 in U.S. Currency**

41.     Land records show that defendant 1125 Spangler Drive, is owned by Weiwen He and Xiao Ying He.  Records of Xcel Energy list the account holder at defendant 1125 Spangler Drive as Xiu Ming Li.  Between November 2017 and May 2018, monthly electrical usage at defendant 1125 Spangler Drive ranged from 4,163 kWh to 1,451 kWh.  The monthly average during this time was 2,837 kWh of electricity.

42.     On August 9, 2018, a search warrant was executed at defendant 1125 Spangler Drive.  During the search, officers found approximately 26 pounds of finished marijuana, and defendant $27,838.00 in U.S. currency.

**Defendant 13759 Steele Court, Thornton, Colorado**

43.     Land records show that defendant 13759 Steele Court, is owned by Guan Jiao Feng.  Records of Xcel Energy list the account holder for defendant 13759 Steele Court as Guan J Feng.  Between July 2017 and December 2017, the average monthly electrical usage at defendant 13759 Steele Court was 3,818 kWh.  Starting in January 2018, the power usage at defendant 13759 Steele Court drastically decreased from 2,843 kWh to 565 kWh.

44.     On August 9, 2018, a search warrant was executed at defendant 13759 Steele Court.  During the search, officers found approximately 184 marijuana plants,

defendant $62,008.00 in U.S. currency, and defendant 2012 Honda Pilot parked in the driveway.

**Defendant 13865 Milwaukee Street, Thornton, Colorado**

45.     Land records show that defendant 13865 Milwaukee Street is owned by Helen Mui Phan.  Records of Xcel Energy list the account holder for defendant 13865 Milwaukee Street as Sammy Chuong.  Between March 2018 and May 2018, the average monthly electrical usage at defendant 13865 Milwaukee Street was 9,303 kWh.  During May 2018, defendant 13865 Milwaukee Street used 8,890 kWh of electricity.

46.     On August 9, 2018, a search warrant was executed at defendant 13865 Milwaukee Street.  During the search, officers found approximately 598 marijuana plants. Helen Mui Phan, Sammy Chuong, Andy Chuong, and Samantha Chuong were present during the search.

**EVIDENCE OF MARIJUANA CULTIVATION AT**
**DEFENDANT 13865 MILWAUKEE STREET**

47.      On March 20, 2018, around 11:14 am, from the pole camera installed at the Pao Pao 2 grow supply store, Fa Yin Deng's 2012 Toyota Tundra was observed backing up to the loading bay.  Several large bags of soil commonly used for cultivating marijuana were loaded into the back of the truck.  When the truck left Pao Pao 2, it was followed to 12254 Adams Street.  A few minutes later the truck backed out of the driveway and went down the street to 12229 Adams Street, Thornton, Colorado, where it pulled into the garage.

48.     At approximately 12:30 pm, Deng's defendant 2012 Toyota Tundra pulled out of the garage at 12229 Adams Street and drove to the dumpster behind 420 E 120th

Avenue (Northglenn Discount Liquor store).   Detectives watched the two Asian male occupants remove 20 to 30 black trash bags from defendant 2012 Toyota Tundra and place them into the roll off dumpster.   When the truck left, detectives examined the trash bags.   The trash bags contained soil and marijuana plant trimmings.

49.   After disposing of the cut down marijuana plants, Deng's defendant 2012 Toyota Tundra was stopped by the Northglenn, Colorado, Police Department for a traffic violation.   The driver was identified from his Colorado driver's license as Andy Phane, who listed his address as defendant 13865 Milwaukee Street. The passenger was identified from a California driver's license as Guo Bao Xie, who gave his address as 12254 Adams Street.

**Defendant 11139 W. Tennessee Court, Lakewood, Colorado**

50.   Land records show that defendant 11139 W. Tennessee Court is owned by Duong Chuong.   Records of Xcel Energy list the account holder of defendant 11139 W. Tennessee Court as Duong Chuong.   Between January 2018 and May 2018, the average monthly electrical usage at defendant 11139 W. Tennessee Court was 6,161 kWh.   During May 2018, defendant 11139 W. Tennessee Court used 4,860 kWh of electricity.

51.   On April 28, 2018, around 6:57 am, Deng's 2012 Toyota Tundra went from Fa Yin Deng and Kelly Chuong's residence at 12155 Adams Street, to 12231 Steele Street.   The truck parked out of the pole cameras view by the old green houses. The truck only stopped briefly by the greenhouses at 12231 Steele Street before driving to the Ace Hardware store at Alameda Avenue and Union Boulevard in Lakewood, Colorado.   The

truck then drove to defendant 11139 W. Tennessee Court and stayed for about an hour before it left and went back to the Ace Hardware store.  The truck then drove to 496 E. 134th Avenue where it stopped for approximately 10 minutes.  After leaving 469 E. 134th Avenue, the drove back to the green house at 12231 Steele Street.

52.     On August 9, 2018, a search warrant was executed at defendant 11139 W. Tennessee Court.  During the search, officers found approximately 88 marijuana plants.

**Defendants 12911 Clarkson Circle, Thornton, Colorado, $6,880.00 in U.S. Currency and $2,620.00 in U.S. Currency**

53.     Land records show that defendant 12911 Clarkson Circle is owned by Qiang Chen.  Records of Xcel Energy list the account holder for defendant 12911 Clarkson Circle as Qiang Chen.  Between May 2017 and April 2018, the average monthly electrical usage at defendant 12911 Clarkson Circle was 3,160 kWh.

54.     On August 9, 2018, a search warrant was executed at defendant 12911 Clarkson Circle.  During the search, officers found approximately 115 marijuana plants and defendant $6,880.00 in U.S. currency, defendant $2,620.00 in U.S. currency, and defendant $1,269.00 in U.S. currency.

**Defendant $9,092.00 in U.S. Currency**

55.     Zho Tian Tan and Xiu Zhen Lai own the real property located at 1389 E. 96th Avenue.  Records of Xcel energy list the account holder at 1389 E. 96th Avenue as Jie Fang Tan.  Between June 2017 and June 2018, the average monthly electrical usage at 1389 E. 96th Avenue was 9,771 kWh.  During the month of June 2018, 1389 E. 96th Avenue used 9,219 kWh of electricity.

56.     Colorado State Wage records list Jie Fang Tan as an employee of the Heaven Dragon Restaurant from the first quarter of 2017 through the first quarter of 2018. Open records show that Jei Fang Tan is a resident at 1389 E. 96th Avenue, and related to Zho Tian Tan, the owner of 1389 E. 96th Avenue.

57.     On August 9, 2018, a search warrant was executed at 1389 E. 96th Avenue. During the search warrant, officers found approximately 591 marijuana plants and defendant $9,092.00 in U.S. currency.

**Defendant 4056 E. 130th Way, Thornton, Colorado**

58.      Land records show that defendant 4056 E. 130th Way, is owned by Liu Mei Li and Ying Xiu Li.  Records of Xcel Energy list the account holder at defendant 4056 E. 130th Way as Liu M. Li.  Between May 2017 and March 2018, the average monthly electrical usage at defendant 4056 E. 130th Way was 4,798 kWh.  During the month of May 2018, defendant 4056 E. 130th Way used 349 kWh of electricity.

59.     State of Colorado Wage reports list Liu Mei Li as an employee of the Heaven Dragon Restaurant during the first and second quarters of 2017.

60.     State of Colorado Wage reports list Zia Qiaq Feng as an employee of United Chinese 1 from the third quarter of 2017 to the first quarter of 2018.  Open records list Feng as a resident at defendant 4056 E. 130th Way.

61.     On August 9, 2018, a search warrant was executed at defendant 4056 E. 130th Way.  During the search, officers found evidence of a dismantled grow, including 20 lights and 17 ballasts as well as defendant $22,076.00 in U.S. currency.

**Defendant 12352 W. Iowa Drive, Lakewood, Colorado**

62.     Land records show that defendant 12352 W. Iowa Drive is owned by Zhong Wen Xu.  Records of Xcel Energy list the account holder at defendant 12352 W. Iowa Drive as Shong Xu, Zhong Xu, and Je Wen.  Between May 2017 and April 2018, the average monthly electrical usage at defendant 12352 W. Iowa Drive was 6,776 kWh. During April 2018, defendant 12352 W. Iowa Drive used 4,861 kWh of electricity.

63.     On August 9, 2018, a search warrant was executed at defendant 12352 W. Iowa Drive.  During the search, officers found approximately 241 marijuana plants and two pounds of dried marijuana.

### Defendant 5768 W. 2nd Avenue, Lakewood, Colorado

64.     Land records show that defendant 5786 W. 2nd Avenue, is owned by Dong Le and Phuong Le.  Records of Xcel Energy list the account holder at defendant 5786 W. 2nd Avenue as Chuong Le.  Between June 2017 and May 2018, the average monthly electrical usage at defendant 5786 W. 2nd Avenue was 3,489 kWh.  During May 2018, defendant 5786 W. 2nd Avenue used 2,711 kWh of electricity.

65.     The owners of defendant 5786 W. 2nd Avenue are known associates of Tang DTO member Phillip Le, who distributes marijuana out of 244 S. Bryant Street.

66.     On August 9, 2018, a search warrant was executed at defendant 5786 W. 2nd Avenue.   During the search, officers found approximately five pounds of dried marijuana and evidence of a dismantled grow, including lights and a built-out room.

### Defendant 1913 S. Michigan Place, Denver, Colorado

67.     Land records show that defendant 1913 S. Michigan Place is owned by San Mei Su.  Records of Xcel Energy list the account holder at defendant 1913 S.

Michigan Place as Gong Liu. Between May 2017 and April 2018, the average monthly electrical usage at defendant 1913 S. Michigan Place was 7,137 kWh. During April 2018, defendant 1913 S. Michigan Place used 5,490 kWh of electricity.

68.     On April 4, 2018, around 2:49 pm, defendant 2012 Toyota Rav4, registered to Gong Liu, at defendant 1913 S. Michigan Place, was seen from the pole camera backing up to the loading bay door at the Pao Pao I grow supply store. The investigation has disclosed that members of the targeted organizations obtain marijuana grow supplies from Pao Pao I and load the supplies into vehicles at the bay door of the business.

69.     On August 9, 2018, a search warrant was executed at defendant 1913 S. Michigan Place. During the search, officers located approximately 208 marijuana plants and defendant $93,050.00 in U.S. currency.

**Defendant 7866 Vallejo Street, Denver, Colorado**

70.     Land records show that defendant 7866 Vallejo Street is owned by Dieu Ngo, Binh Tran and Jason Ngo. Records of Xcel Energy list the account holder at defendant 7866 Vallejo Street as Pongton Chookan. Between July 2017 and June 2018, the average monthly electrical usage at defendant 7866 Vallejo Street was 8,727 kWh. During June 2018, defendant 7866 Vallejo Street used 6,173 kWh of electricity.

71.     The owners of defendant 7866 Vallejo Street are known associates of Phillip Le, who distributes marijuana out of 244 S. Bryant Street.

72.     On August 9, 2018, a search warrant was executed at defendant 7866 Vallejo Street. During the search, officers found approximately 171 marijuana plants and 24 pounds of finished marijuana product.

**Defendants 13103 Bellaire Drive, Thornton, Colorado and $9,299.00 in**

**U.S. Currency and $2,000.00 in U.S. Currency**

73.     Land records show that defendant 13103 Bellaire Drive is owned by Ji Huang.  Records of Xcel Energy list the account holder at defendant 13103 Bellaire Drive as Ji Huang.  Between March 2017 and February 2018, the average monthly electrical usage at defendant 13103 Bellaire Drive was 4,247 kWh.  Starting in March 2018, the existing Xcel account at defendant 13103 Bellaire Drive was closed.  A new account was opened, still in the name of Ji Huang.  The electrical usage at defendant 13103 Bellaire Drive has been increasing from 1,400 kWh in March 2018, to 2,641 kWh in May 2018.

74.     Based on the historical electrical usage, defendant 13103 Bellaire Drive has contained a marijuana grow for over a year.

75.     On August 9, 2018, a search warrant was executed at defendant 13103 Bellaire Drive.  During the search, officers located approximately 177 marijuana plants, defendant $9,290.00 in U.S. currency, and defendant $2,000.00 in U.S. currency.

**Defendants 2360 W. 74th Avenue, Denver, Colorado and $4,523.00 in U.S.**

**Currency**

76.     Land records show that defendant 2360 W. 74th Avenue, is owned by Ching Yu Leung.  Records of Xcel Energy list the account holder as Siu K. Kwok. Between July 2017 and June 2018, the average monthly electrical usage at defendant 2360 W. 74th Avenue was 4,400 kWh. During June 2018, defendant 2360 W. 74th Avenue used 4,139 kWh of electricity.

77.     Colorado state wage records show that Siu Kuen Kwok is an employee of the Heaven Dragon Restaurant.

78.     On August 9, 2018, a search warrant was executed at defendant 2360 W. 74th Avenue, Denver, Colorado.  Ching Yu Leung and Siu K. Kwok were present during the search.  During the search, officers located approximately 102 marijuana plants and defendant $4,523.00 in U.S. currency.

**Defendant 12895 Clarkson Circle, Thornton, Colorado**

79.     Land records show that defendant 12895 Clarkson Circle, is owned by Tran Van.  Records of Xcel Energy list the account holder for 12895 Clarkson Circle as Tran Van.  In March 2018, defendant 12895 Clarkson Circle used 2,312 kWh of electricity.  Starting in April 2018, the monthly electrical usage at defendant 12895 Clarkson Circle suddenly decreased.

80.     Colorado State Wage records list Sheng Jin Huang as an employee of the Vietnamese Café from the third quarter of 2017 to the first quarter of 2018.  Open records show that Shen Jin Huang is a resident at defendant 12895 Clarkson Circle.

81.     On August 9, 2018, a search warrant was executed at defendant 12895 Clarkson Circle.  During the search, officers found approximately 46 pounds of dried marijuana and defendant $51,510.00 in U.S. currency.

**Defendant 14575 High Street, Thornton, Colorado and $69,490.00 in U.S. Currency**

82.     Land records show that defendant 14575 High Street, is owned by Jia Yang and Jiao Deng.  Records of Xcel energy list the account holder at defendant 14575

High Street, as Jeane Yang.  Between May 2017 and March 2018, the average monthly electrical usage at defendant 14575 High Street was 4,826 kWh.  During April 2018, defendant 14575 High Street used 211 kWh of electricity.

83.     On June 27, 2018, around 2:30 pm, investigators were conducting surveillance at defendant 14575 High Street.  A Toyota Sienna minivan pulled in front of 14575 High Street.  The male and female occupants of the van both went into defendant 14575 High Street.  About ten minutes later, the two emerged carrying a black trash bag.  The trash bag was placed into the minivan and the two individuals left.  The minivan was stopped by the Thornton Police Department for a traffic violation, and the occupants of the van were identified as Chi Pan Luc and Yamei Chen.  The vehicle was searched and officers found that the trash bag contained vacuum-sealed bags with finished marijuana product weighing 11.5 pounds.

84.     Open records show that Li Deng is a resident of defendant 14575 High Street.  Based on open records data, Li Deng previously lived at 4047 E. 130th Way, Thornton, Colorado, which is the residence of Dan Tang.

85.     On August 9, 2018, a search warrant was executed at defendant 14575 High Street.  During the search, investigators located approximately six pounds of dried marijuana and marijuana grow equipment, including 15 ballasts and 15 lights.

**Defendants 5227 Gentle Wind Road, Colorado Springs, Colorado and $69,490.00 in U.S. Currency**

86.     Land records show that defendant 5227 Gentle Wind Road, is owned by Yi Ruan.  Records of Colorado Springs Utilities list the account holder for defendant 5227

Gentle Wind Road as Yi Ruan.  Between May 2017 and May 2018, the average monthly electrical usage at defendant 5227 Gentle Wind Road was 7,560 kWh.  During May 2018, defendant 5227 Gentle Wind Road used 6,397 kWh of electricity.

87.     On August 9, 2018, a search warrant was executed at defendant 5227 Gentle Wind Road.  During the search, officers found approximately 181 marijuana plants, five pounds of dried marijuana, defendant $69,490.00 in U.S. currency, and marijuana grow equipment.

**Defendants 7914 Kettle Drum Street, Colorado Springs, Colorado and $3,972.00 in U.S. Currency**

88.     Land records show that defendant 7914 Kettle Drum Street, is owned by Mei Ting Su.  Records of Colorado Springs Utilities list the account holder for defendant 7914 Kettle Drum Street as Mei Ting Su.  Between April 2017 and April 2018, the average monthly electrical usage at defendant 7914 Kettle Drum Street was 5,010 kWh.  During April 2018, defendant 7914 Kettle Drum Street used 4,850 kWh of electricity.

89.     On August 9, 2018, a search warrant was executed at defendant 7914 Kettle Drum Street.  During the search, officers found approximately 141 marijuana plants, one pound of dried marijuana, defendant $3,972.00 in U.S. currency, twelve lights and twelve ballasts.

**Defendants 18670 E. Ida Avenue, Aurora, Colorado and $53,042.00 in U.S. Currency**

90.     Land records show that defendant 18670 E. Ida Avenue, is owned by Hua Li.  Records of IREA Power list the account holder at defendant 18670 E. Ida Avenue as

Hua Li.  Between May 2017 and May 2018, the average monthly electrical usage at defendant 18670 E. Ida Avenue was 7,060 kWh.  During May 2018, defendant 18670 E. Ida Avenue used 5,799 kWh of electricity.

91.     On August 9, 2018, a search warrant was executed at defendant 18670 E. Ida Avenue.  During the search, officers found approximately 342 marijuana plants, ten pounds of dried marijuana, seven lights and seven ballasts, as well as defendant $53,042.00 in U.S. currency.

### Defendant 890 E. 129th Avenue, Thornton, Colorado

92.     Land records show that defendant 890 E. 129th Avenue, is owned by Kevin Chuong and Dao Ling Feng.  Records of Xcel Energy list the account holder of defendant 890 E. 129th Avenue as Kevin Chuong.  Between August 2017 and February 2018, the monthly electrical usage at defendant 890 E. 129th Avenue ranged from 3,163 kWh to 1170 kWh, with an average monthly electrical usage of 2,500 kWh.  Starting in March 2018, the electrical usage at defendant 890 E. 129th Avenue suddenly decreased.

93.     On August 9, 2018, a search warrant was executed at defendant 890 E. 129th Avenue.  During the search, officers found evidence of a dismantled marijuana grow, as well as defendant $24,119.00 in U.S. currency.

### Defendant 783 Milky Way, Thornton, Colorado

94.     Land records show that defendant 783 Milky Way, is owned by Binh Tran and Tran Nguyen.  Records of Xcel Energy list the account holder at defendant 783 Milky Way as Binh Tran.  Between August 2017 and April 2018, the average monthly electrical

usage at defendant 783 Milky Way was 7,714 kWh.  During April 2018, defendant 783 Milky Way used 3,351 kWh of electricity.

95.     Between April 21, 2018 and May 30, 2018, Phillip Le's vehicle was subject to court authorized GPS tracking, which showed the frequency of Phillip Le traveling between marijuana grow locations, his residence at 7700 W Glasgow Place #16A, and the stash house located at 244 S Bryant Street in Denver, Colorado.

96.     On May 22, 2018, Phillip Le was observed loading soil and growing supplies into his truck, which was subsequently transported to a marijuana grow operated by him at defendant 640 Leo Lane.  GPS data later showed Phillip Le driving to another marijuana grow operation at defendant 783 Milky Way in Thornton, Colorado.

97.     On August 9, 2018, a search warrant was executed at defendant 783 Milky Way.  During the search, officers found evidence of a dismantled grow.  Investigators observed the residence to be vacant and had large holes in the walls, consistent with a ventilation system for a marijuana grow operation.  Investigators also observed circular stains on the concrete floors of the basement consistent with five-gallon buckets used during grow operations, and large amounts of foam sealant stuck to the walls around the fireplace and window areas.

## Seized Currency

98.     As set forth below, during the execution of numerous search warrants on August 9, 2018, officers located and seized currency from many residences.

**Defendant $3,340.00 in U.S. Currency**

99.     Land records show that 7700 W. Glasgow Place #16A, is owned by Phillip Le.

100.    On August 9, 2018, a search warrant was executed on 7700 W. Glasgow Place #16A.   During the search, officers discovered defendant $3,340.00 in U.S. currency.

### Defendants $5,810.00 in U.S. Currency and $14,254.00 in U.S. Currency

101.    On August 9, 2018, officers seized defendant $5,810.00 in U.S. currency and defendant $14,254.00 in U.S. currency from 12259 Adams Street, Thornton, Colorado.  During the search, officers also found a large marijuana grow of approximately 594 marijuana plants and approximately 31 pounds of dried marijuana.

### Defendant $5,634.00 in U.S. Currency

102.    On August 9, 2018, officers seized defendant $5,634.00 in U.S. currency from 2237 145th Place, Thornton, Colorado.  During the search, officers also found a large marijuana grow with approximately 121 marijuana plants and approximately five pounds of dried marijuana.

### Defendant $6,134.00 in U.S. Currency

103.    On August 9, 2018, officers seized defendant $6,134.00 in U.S. currency from 16035 Savory Circle, Parker, Colorado.  During the search, officers also found a large marijuana grow with approximately 156 marijuana plants and approximately ten pounds of dried marijuana.

### Defendant $28,443.00 in U.S. Currency

104.   On August 9, 2018, officers seized defendant $28,443.00 in U.S. currency from 3482 123rd Avenue, Thornton, Colorado.  During the search, officers also found a large marijuana grow with approximately 191 marijuana plants and approximately six pounds of dried marijuana.

**Defendant $8,000.00 in U.S. Currency**

105.   On August 9, 2018, officers seized defendant $8,000.00 in U.S. currency from 16775 Williams Street, Thornton, Colorado.  During the search, officers also found a large marijuana grow with approximately 320 marijuana plants and approximately 51 pounds of dried marijuana.

**Defendant $18,440.00 in U.S. Currency**

106.   On August 9, 2018, officers seized defendant $18,440.00 in U.S. currency from 4230 Barr Lane, Westminster, Colorado.  During the search, officers also found a large marijuana grow with approximately 245 marijuana plants and approximately three pounds of dried marijuana.

**Defendant $53,849.00 in U.S. Currency**

107.   On August 9, 2018, investigators seized defendant $53,849.00 in U.S. currency from 8000 W. Crestline, #611, Denver, Colorado, which is the personal residence of Nam Nguyen.  Nam Nguyen was frequently observed at various marijuana grow locations.

**Defendant $16,200.00 in U.S. Currency**

108.   On August 9, 2018, investigators seized defendant $16,200.00 in U.S. currency during a search of 5786 W. 2nd Avenue, Lakewood, Colorado.  Hien Thi Thu

Pham, Brendan Le, Phong Thanh Le, and Huong Nguyen resided at this residence and were present during the search.  Investigators also discovered a marijuana grow setup with 2 ballasts and 11 lights; however, there were no plants growing at the time of the search.

**Defendant $3,160.00 in U.S. Currency**

109.   On August 9, 2018, investigators seized defendant $3,160.00 in U.S. currency during a search of 402 Birch Avenue, Brighton, Colorado.  Xing Fu Zhou and Meng Yun Sun resided at this residence and were present during the search. Investigators also discovered a marijuana grow containing 21 lights and ballasts and 169 marijuana plants.

**Defendants $31,188.00 in U.S. Currency and $2,490.00 in U.S. Currency**

110.   On August 9, 2018, investigators seized defendants $31,188.00 and $2,490.00 in U.S. currency during a search of 4410 E. 131st Place, Thornton, Colorado. Shuying Xie and Bouan Toy resided at this residence and were present during the search. Investigators also discovered a marijuana grow setup with 23 ballasts and 24 lights, however no plants were found.  Investigators also found 3.2 pounds of dried marijuana.

**Defendant $4,265.00 in U.S. Currency**

111.   On August 9, 2018, investigators seized defendant $4,265.00 in U.S. currency during a search of 6643 S. Field Court, Littleton, Colorado.  Guan Sheng Chem, Hong Ying Xue, Yu Jia Feng, and Chaou Yi Chen resided at this residence and were present during the search.  Investigators also discovered a marijuana grow with 163 marijuana plants and a quarter pound of dried marijuana.

**Defendants $2,000.00 in United States Currency and $18,950.00 in United States Currency**

112.    On August 9, 2018, investigators seized defendant $2,000.00 in U.S. currency and defendant $18,950.00 in U.S. currency during a search of 5822 Scenic Avenue, Firestone, Colorado.  Jia Min Li, You Hong Zhong and Wei Qiang Cao resided at this residence and were present during the search.  Investigators also discovered a marijuana grow setup that contained 23 ballasts and 25 lights, along with three pounds of processed marijuana and a handgun.

**Defendant $4,613.00 in U.S. Currency**

113.    On August 9, 2018, investigators seized defendant $4,613.00 in U.S. currency during a search of 15909 Josephine Street, Thornton, Colorado.  Hong Jin Lin, Zhen Xue Lin, and Xing Song Ni resided at this residence and were present during the search.  Investigators also discovered a marijuana grow with 96 marijuana plants.

**Defendant $2,500.00 in U.S. Currency**

114.    On August 9, 2018, investigators seized defendant $2,500.00 in U.S. currency during a search of 4811 Turning Leaf Way, Colorado Springs, Colorado.  Dong Mei Lin, Junqiao Su, and Lin Ming Ke resided at this residence and were present during the search.  Investigators also discovered a marijuana grow setup with 17 ballasts and lights.

## Defendant Vehicles

**Defendant 2018 Toyota 4Runner**

115.    Defendant 2018 Toyota 4Runner is registered to Yashi Feng.  Yashi Feng purchased it for $43,275.00 on or about May 7, 2018.

116.    On February 12, 2018, defendant 2018 Toyota 4Runner was observed travelling from Pao Pao, a grow supply store, to 11361 Leyden Street, Thornton, Colorado, where 166 plants were found on August 9, 2018.  The vehicle was also observed at the Pao Pao grow store on February 26, 2018.

117.    On May 14, 2018, Yashi Feng was observed driving defendant 2018 Toyota 4Runner at 12231 Steele Street in Thornton, Colorado.

118.    Yashi Feng is listed as an employee of the Heaven Dragon restaurant; however, he has not been observed working there.  Analysis of state wage activity shows him making even numbered amounts quarterly, which based on activity of this group appears to be fictitious wage reporting by the Heaven Dragon restaurant.

**Defendant 2012 Toyota Highlander**

119.    Defendant 2012 Toyota Highlander is registered to Dao Ling Feng 12913 Emerson Street in Thornton, Colorado.  On December 4, 2017, defendant 2012 Toyota Highlander was observed driving from Pao Pao I to defendant 890 129th Avenue, where a marijuana grow operation was found.  Defendant 2012 Toyota Highlander was observed loading and unloading of equipment.

**Defendant 2012 Honda Pilot**

120.    On November 29, 2017, investigators were conducting surveillance at 14232 Grape Street, Thornton, Colorado, which had been identified as a marijuana grow location in the investigation.  Parked at the home was a Dodge van, registered in Casper,

Wyoming; defendant 2012 Honda Pilot, registered to Chen Yong Zhou at 5277 Royal Pine Street, Brighton, Colorado; and a 2016 Toyota Sienna minivan, registered to Yong Jie Zhou at 15725 E. 97th Avenue, Commerce City, Colorado. Yong Jie Zhou is a relative of the Tang family.

121.    On November 30, 2017, around 1:11 pm, Zhou's defendant 2012 Honda Pilot was observed on the pole camera at the Pao Pao II grow supply store, located at 11480 Cherokee Street, Northglenn, Colorado. The SUV was backed up to the loading bay door. The investigation revealed that supplies used to cultivate marijuana were often loaded into vehicles from the bay door at Pao Pao II.

122.    On January 25, 2018, a search warrant was executed at 5277 Royal Pine Street, Brighton, Colorado, a Tang DTO marijuana grow. The home was equipped with lights and ballasts and was set up as a large marijuana grow. Inside the home, investigators also located 39 pounds of finished marijuana product.

123.    On February 7, 2018, a large roll-off dumpster was at 5277 Royal Pine Street and it appeared the marijuana grow equipment was being dismantled and thrown away. During this activity, Zhou's defendant 2012 Honda Pilot was parked in the driveway.

**Defendant 2016 BMW X5**

124.    During this investigation, defendant 2016 BMW X5 has been observed driven by Kelly Chuong and Fayin Deng. The registered owner of the vehicle is KCC Restaurant Consulting, which is a company owned by Chuong. It was purchased in February 2017.

125.    On May 14, 2018, defendant 2016 BMW X5 arrived at 12231 Steele Street. An unidentified Asian male with a striped shirt went inside.  GPS tracker data showed the vehicle had come directly from 12179 Adams Street, which is Cheng Lian Ye and A Gui Deng's residence.

126.    In January 2018, a search warrant was conducted at 12311 Steele Street in Thornton, Colorado, which was identified as a stash house for Kelly Chuong and Fayin Deng.  Investigators discovered money counters and 326 pounds of marijuana, which was packaged and ready for sale.  A DVR was also seized from this residence and later reviewed, which showed defendant 2016 BMW X5 being used on multiple occasions at this residence arriving and leaving with items.  Large amounts of U.S. currency have been observed entering this residence and large amounts of marijuana being distributed from this residence.

127.    From approximately 2016 to the third quarter of 2017, Kelly Chuong had no reported wages in Colorado.  Prior to this, she had approximately $45,000.00 in yearly wages from Zen Asian Bistro and Sushi.  However, beginning in the last quarter of 2017, Kelly Chuong had reported wages of $78,000.00 in that quarter from KCC Restaurant and Consulting.  The investigation has revealed that this is a company incorporated by Kelly Chuong during the conspiracy to cultivate and distribute marijuana.

**Defendants 2011 Toyota Sienna, 2012 Toyota Tundra and 2015 Toyota Sienna**

128.   On May 14, 2018, investigators were monitoring court-ordered GPS trackers installed on various Tang DTO members' vehicles and also watching the pole cameras installed at 12231 Steele Street and 244 S. Bryant Street.

129.   Around 12:32 pm, the GPS tracker installed on Nam Thong's minivan, defendant 2011 Toyota Sienna, showed he arrived at 244 S. Bryant Street.  Defendant 2011 Toyota Sienna stayed at 244 S. Bryant Street for approximately two and a half hours.  When defendant 2011 Toyota Sienna left, it went to Thong's apartment at 8000 W. Crestline Avenue.  Around 8:00 pm, the minivan left 244 S. Bryant Street and drove to 12231 Steele Street.

130.   When Thong's minivan arrived at 12231 Steele Street, the driver appeared to carry a bag inside 12231 Steele Street.  At 9:08 pm, Fa Yin Deng's defendant 2012 Toyota Tundra truck parked in the driveway of 12231 Steele Street and an unidentified Asian male went inside.  GPS tracker data showed defendant 2012 Toyota Tundra had come directly from Fa Yin Deng's residence at 12155 Adams Street.  At this same time, a male came out of the residence at 12231 Steele Street, retrieved a duffle bag from defendant 2011 Toyota Sienna, and took the bag into the home.

131.   At 9:38 pm, defendant 2015 Toyota Sienna minivan, registered to Wen Qin Zhang at 12259 Adams Street, Thornton, Colorado, parked in the driveway of 12231 Steele Street.   As set forth above, 12259 Adams Street contained a marijuana grow.

**Defendant 2001 Mercedes-Benz**

132.   Fayin Deng purchased defendant 2001 Mercedes-Benz in April 2018.  As set forth above, Deng operated several marijuana grow locations for the DTO.

43

133.    Defendant 2001 Mercedes-Benz was seized from 12231 Steele Street, a residence owned by Kelly Chuong, which contained a marijuana grow in two outbuildings.

**Defendant 2002 Porsche 911**

134.    Kelly Chuong and Fayin Deng purchased defendant 2002 Porsche 911 in May, 2014 with a bank loan from Public Service Credit Union and registered it in the name of Pearl Wok Restaurant, Inc.

135.    The loan payment was $656.61 per month.  Between December 2015 and November 2016, Chuong and Deng made monthly cash payments of between $800 and $1,000 per month at Public Service Credit Union branches.

136.    On November 16, 2016, a final loan payment of $9,156.59 was made from a bank account owned by Chuong and Deng.

137.    Defendant 2002 Porsche 911 was seized from 12231 Steele Street.

**Defendant 2014 Subaru Legacy**

138.    Defendant 2014 Subaru Legacy is registered to Endless Water, LLC and Tai Nguyen and had often been seen during surveillance being used to facilitate marijuana grow operations.

139.    On August 9, 2018, the defendant 2014 Subaru Legacy was seized from defendant 8911 W. Copper Avenue where investigators also found approximately evidence a large marijuana grow.

**Defendant 2012 Toyota Rav4**

140.    Defendant 2012 Toyota Rav4 is registered to Sam Nguyen at 8911 W. Cooper.

141.     On May 17, 2018, Ninh Nguyen drove defendant 2012 Toyota Rav4 to 244 S. Bryant Street, a known stash-house location.  Ninh Nguyen was observed carrying a trash bag into the stash house from defendant 2012 Toyota Rav-4.

142.     On August 9, 2018, the defendant 2012 Toyota Rav4 was seized from defendant 8911 W. Copper Avenue where investigators also found approximately evidence a large marijuana grow.

**Defendant 2015 Toyota Sienna**

143.     Defendant 2015 Toyota Sienna was purchased by Wen Zhang in April 2018.  Zhang resides at 12259 Adams Street.

144.     On August 9, 2018, investigators executed a search warrant and found approximately 594 marijuana plants as well as defendant 2015 Toyota Sienna.

145.     During the execution of the search warrant, the two back seats of defendant 2015 Toyota Sienna were located in the garage of the residence.  Investigators have observed several individuals involved in this DTO driving minivan type vehicles and removing the rear seats so that they can transport their growing supplies.

**Defendant 2014 Toyota F-J Cruiser**

146.     Defendant 2014 Toyota FJ Cruiser was purchased in January 2014 and is registered to Hung Chen.

147.     On February 28, 2018 and March 6, 2018, law enforcement observed defendant 2014 Toyota FJ Cruiser picking up marijuana grow supplies from the Pao Pao 2 grow store.

148.    On August 9, 2018, a search warrant was executed at 10508 Pitkin Street in Commerce City, Colorado.   Following entry into the residence, investigators encountered Hung Dat Chen and Phuong Ly.   During a search of the residence, investigators located a large active marijuana growing operation consisting of 759 marijuana plants.   There were also several racks of drying marijuana in the basement of the residence.

149.    Investigators seized defendant 2014 Toyota FJ Cruiser from the garage at the residence.

**Defendant 2015 Scion**

150.    Defendant 2015 Scion was purchased in April 2017.   It is registered to Danny Vuong at 13411 Humboldt Way, Thornton, Colorado, where over 478 marijuana plants were found on August 9, 2018.

151.    During the execution of the search warrant, Thuan Vuong claimed that he had purchased defendant 2015 Scion in Texas.

152.    A review of power records indicate that the residence at 13411 Humboldt Way, Thornton, Colorado has been used as a marijuana grow location since at least May 2017.

153.    In summary, based on facts and circumstances described above, evidence shows that the defendant assets were derived from, or used or intended to be used in the commission of the offense to cultivate and distribute marijuana.

VERIFICATION OF BRENDA MCDONOUGH
SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent, Brenda McDonough, hereby state and aver under the pains and

penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that

the facts and information contained therein are true.

Brenda McDonough
Special Agent- DEA

STATE OF COLORADO        )
                         ) ss
COUNTY OF _Arapahoe_     )

The foregoing was acknowledged before me this _25th_ day of October, 2018 by

Brenda McDonough, Special Agent, Drug Enforcement Administration.

NICOLE C. DAVIDSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19984016359
MY COMMISSION EXPIRES JUNE 15. 2022

Notary Public - Colorado
My Commission Expires: _6/15/2022_

47

## FIRST CLAIM FOR RELIEF

154.   The Plaintiff repeats and incorporates by reference the paragraphs above.

155.   By the foregoing and other acts, defendant 640 Leo Lane constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## SECOND CLAIM FOR RELIEF

156.   The Plaintiff repeats and incorporates by reference the paragraphs above.

157.   By the foregoing and other acts, defendant 10452 Dale Circle constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## THIRD CLAIM FOR RELIEF

158.   The Plaintiff repeats and incorporates by reference the paragraphs above.

159.   By the foregoing and other acts, defendant $6,991.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF

160.   The Plaintiff repeats and incorporates by reference the paragraphs above.

161.   By the foregoing and other acts, defendant 2012 Toyota Tundra, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the

transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## FIFTH CLAIM FOR RELIEF

162.    The Plaintiff repeats and incorporates by reference the paragraphs above.

163.    By the foregoing and other acts, defendant 2011 Toyota Sienna, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SIXTH CLAIM FOR RELIEF

164.    The Plaintiff repeats and incorporates by reference the paragraphs above.

165.    By the foregoing and other acts, defendant 2012 Toyota Highlander, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SEVENTH CLAIM FOR RELIEF

166.    The Plaintiff repeats and incorporates by reference the paragraphs above.

167.    By the foregoing and other acts, defendant 8911 W. Cooper Avenue constitutes real property being used, or intended to be used, in any manner or part to

commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## EIGHTH CLAIM FOR RELIEF

168.   The Plaintiff repeats and incorporates by reference the paragraphs above.

169.   By the foregoing and other acts, defendant $29,063.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## NINTH CLAIM FOR RELIEF

170.   The Plaintiff repeats and incorporates by reference the paragraphs above.

171.   By the foregoing and other acts, defendant $1,100.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## TENTH CLAIM FOR RELIEF

172.   The Plaintiff repeats and incorporates by reference the paragraphs above.

173.   By the foregoing and other acts, defendant 1125 Spangler Drive constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## ELEVENTH CLAIM FOR RELIEF

174.   The Plaintiff repeats and incorporates by reference the paragraphs above.

175.    By the foregoing and other acts, defendant $27,838.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## TWELFTH CLAIM FOR RELIEF

176.    The Plaintiff repeats and incorporates by reference the paragraphs above.

177.    By the foregoing and other acts, defendant 13759 Steele Court constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## THIRTEENTH CLAIM FOR RELIEF

178.    The Plaintiff repeats and incorporates by reference the paragraphs above.

179.    By the foregoing and other acts, defendant $62,008.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTEENTH CLAIM FOR RELIEF

180.    The Plaintiff repeats and incorporates by reference the paragraphs above.

181.    By the foregoing and other acts, defendant 13865 Milwaukee Street constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## FIFTEENTH CLAIM FOR RELIEF

182.   The Plaintiff repeats and incorporates by reference the paragraphs above.

183.   By the foregoing and other acts, defendant 11139 W. Tennessee Court constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## SIXTEENTH CLAIM FOR RELIEF

184.   The Plaintiff repeats and incorporates by reference the paragraphs above.

185.   By the foregoing and other acts, defendant 12911 Clarkson Circle constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## SEVENTEENTH CLAIM FOR RELIEF

186.   The Plaintiff repeats and incorporates by reference the paragraphs above.

187.   By the foregoing and other acts, defendant $6,880.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## EIGHTEENTH CLAIM FOR RELIEF

188.   The Plaintiff repeats and incorporates by reference the paragraphs above.

189.   By the foregoing and other acts, defendant $2,620.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of

21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## NINTEENTH CLAIM FOR RELIEF

190.   The Plaintiff repeats and incorporates by reference the paragraphs above.

191.   By the foregoing and other acts, defendant $1,269.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## TWENTIETH CLAIM FOR RELIEF

192.   The Plaintiff repeats and incorporates by reference the paragraphs above.

193.   By the foregoing and other acts, defendant $9,092.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## TWENTY-FIRST CLAIM FOR RELIEF

194.   The Plaintiff repeats and incorporates by reference the paragraphs above.

195.   By the foregoing and other acts, defendant 4056 E. 130th Way constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## TWENTY-SECOND CLAIM FOR RELIEF

196.   The Plaintiff repeats and incorporates by reference the paragraphs above.

197.   By the foregoing and other acts, defendant $22,076.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## TWENTY-THIRD CLAIM FOR RELIEF

198.   The Plaintiff repeats and incorporates by reference the paragraphs above.

199.   By the foregoing and other acts, defendant 12352 W. Iowa Drive constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## TWENTY-FOURTH CLAIM FOR RELIEF

200.   The Plaintiff repeats and incorporates by reference the paragraphs above.

201.   By the foregoing and other acts, defendant 5786 W. 2nd Avenue constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## TWENTY-FIFTH CLAIM FOR RELIEF

202.   The Plaintiff repeats and incorporates by reference the paragraphs above.

203.   By the foregoing and other acts, defendant 1913 S. Michigan Place constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

<u>TWENTY-SIXTH CLAIM FOR RELIEF</u>

204.    The Plaintiff repeats and incorporates by reference the paragraphs above.

205.    By the foregoing and other acts, defendant $93,050.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>TWENTY-SEVENTH CLAIM FOR RELIEF</u>

206.    The Plaintiff repeats and incorporates by reference the paragraphs above.

207.    By the foregoing and other acts, defendant 7866 Vallejo Street constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

<u>TWENTY-EIGHTH CLAIM FOR RELIEF</u>

208.    The Plaintiff repeats and incorporates by reference the paragraphs above.

209.    By the foregoing and other acts, defendant 13103 Bellaire Drive constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

<u>TWENTY-NINTH CLAIM FOR RELIEF</u>

210.    The Plaintiff repeats and incorporates by reference the paragraphs above.

211.    By the foregoing and other acts, defendant $9,290.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of

21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRTIETH CLAIM FOR RELIEF

212.   The Plaintiff repeats and incorporates by reference the paragraphs above.

213.   By the foregoing and other acts, defendant $2,000.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRTY-FIRST CLAIM FOR RELIEF

214.   The Plaintiff repeats and incorporates by reference the paragraphs above.

215.   By the foregoing and other acts, defendant 2360 W. 74th Avenue constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

### THIRTY-SECOND CLAIM FOR RELIEF

216.   The Plaintiff repeats and incorporates by reference the paragraphs above.

217.   By the foregoing and other acts, defendant $4,523.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRTY-THIRD CLAIM FOR RELIEF

218.   The Plaintiff repeats and incorporates by reference the paragraphs above.

219.   By the foregoing and other acts, defendant 12895 Clarkson Circle constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## THIRTY-FOURTH CLAIM FOR RELIEF

220.   The Plaintiff repeats and incorporates by reference the paragraphs above.

221.   By the foregoing and other acts, defendant $51,510.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRTY-FIFTH CLAIM FOR RELIEF

222.   The Plaintiff repeats and incorporates by reference the paragraphs above.

223.   By the foregoing and other acts, defendant 14575 High Street constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## THIRTY-SIXTH CLAIM FOR RELIEF

224.   The Plaintiff repeats and incorporates by reference the paragraphs above.

225.   By the foregoing and other acts, defendant 5227 Gentle Wind Road constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

<u>THIRTY-SEVENTH CLAIM FOR RELIEF</u>

226.    The Plaintiff repeats and incorporates by reference the paragraphs above.

227.    By the foregoing and other acts, defendant $69,490.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>THIRTY-EIGHTH CLAIM FOR RELIEF</u>

228.    The Plaintiff repeats and incorporates by reference the paragraphs above.

229.    By the foregoing and other acts, defendant 7914 Kettle Drum Street constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

<u>THIRTY-NINTH CLAIM FOR RELIEF</u>

230.    The Plaintiff repeats and incorporates by reference the paragraphs above.

231.    By the foregoing and other acts, defendant $3,972.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>FORTIETH CLAIM FOR RELIEF</u>

232.    The Plaintiff repeats and incorporates by reference the paragraphs above.

233.    By the foregoing and other acts, defendant 18670 E. Ida Avenue constitutes real property being used, or intended to be used, in any manner or part to commit, or to

facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## FORTY-FIRST CLAIM FOR RELIEF

234.   The Plaintiff repeats and incorporates by reference the paragraphs above.

235.   By the foregoing and other acts, defendant $53,042.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-SECOND CLAIM FOR RELIEF

236.   The Plaintiff repeats and incorporates by reference the paragraphs above.

237.   By the foregoing and other acts, defendant 890 E. 129th Avenue constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## FORTY-THIRD CLAIM FOR RELIEF

238.   The Plaintiff repeats and incorporates by reference the paragraphs above.

239.   By the foregoing and other acts, defendant $24,119.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-FOURTH CLAIM FOR RELIEF

240.   The Plaintiff repeats and incorporates by reference the paragraphs above.

241.   By the foregoing and other acts, defendant 783 Milky Way constitutes real property being used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

## FORTY-FIFTH CLAIM FOR RELIEF

242.   The Plaintiff repeats and incorporates by reference the paragraphs above.

243.   By the foregoing and other acts, defendant $3,340.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-SIXTH CLAIM FOR RELIEF

244.   The Plaintiff repeats and incorporates by reference the paragraphs above.

245.   By the foregoing and other acts, defendant $5,810.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-SEVENTH CLAIM FOR RELIEF

246.   The Plaintiff repeats and incorporates by reference the paragraphs above.

247.   By the foregoing and other acts, defendant $14,254.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-EIGHTH CLAIM FOR RELIEF

248.   The Plaintiff repeats and incorporates by reference the paragraphs above.

249.   By the foregoing and other acts, defendant $5,634.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FORTY-NINTH CLAIM FOR RELIEF

250.   The Plaintiff repeats and incorporates by reference the paragraphs above.

251.   By the foregoing and other acts, defendant $6,134.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTIETH CLAIM FOR RELIEF

252.   The Plaintiff repeats and incorporates by reference the paragraphs above.

253.   By the foregoing and other acts, defendant $28,443.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTY-FIRST CLAIM FOR RELIEF

254.   The Plaintiff repeats and incorporates by reference the paragraphs above.

255.   By the foregoing and other acts, defendant $8,000.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of

21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-SECOND CLAIM FOR RELIEF

256.   The Plaintiff repeats and incorporates by reference the paragraphs above.

257.   By the foregoing and other acts, defendant $18,440.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-THIRD CLAIM FOR RELIEF

258.   The Plaintiff repeats and incorporates by reference the paragraphs above.

259.   By the foregoing and other acts, defendant $53,849.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-FOURTH CLAIM FOR RELIEF

260.   The Plaintiff repeats and incorporates by reference the paragraphs above.

261.   By the foregoing and other acts, defendant $16,200.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-FIFTH CLAIM FOR RELIEF

262.   The Plaintiff repeats and incorporates by reference the paragraphs above.

263. By the foregoing and other acts, defendant $3,160.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-SIXTH CLAIM FOR RELIEF

264. The Plaintiff repeats and incorporates by reference the paragraphs above.

265. By the foregoing and other acts, defendant $31,188.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-SEVENTH CLAIM FOR RELIEF

266. The Plaintiff repeats and incorporates by reference the paragraphs above.

267. By the foregoing and other acts, defendant $2,490.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTY-EIGHTH CLAIM FOR RELIEF

268. The Plaintiff repeats and incorporates by reference the paragraphs above.

269. By the foregoing and other acts, defendant $4,265.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTY-NINTH CLAIM FOR RELIEF

270.   The Plaintiff repeats and incorporates by reference the paragraphs above.

271.   By the foregoing and other acts, defendant $2,000.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTIETH CLAIM FOR RELIEF

272.   The Plaintiff repeats and incorporates by reference the paragraphs above.

273.   By the foregoing and other acts, defendant $18,950.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTY-FIRST CLAIM FOR RELIEF

274.   The Plaintiff repeats and incorporates by reference the paragraphs above.

275.   By the foregoing and other acts, defendant $4,613.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTY-SECOND CLAIM FOR RELIEF

276.   The Plaintiff repeats and incorporates by reference the paragraphs above.

277.   By the foregoing and other acts, defendant $2,500.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of

21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SIXTY-THIRD CLAIM FOR RELIEF

278.   The Plaintiff repeats and incorporates by reference the paragraphs above.

279.   By the foregoing and other acts, defendant 2018 Toyota 4Runner, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

SIXTY-FOURTH CLAIM FOR RELIEF

280.   The Plaintiff repeats and incorporates by reference the paragraphs above.

281.   By the foregoing and other acts, defendant 2018 Toyota 4Runner, constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SIXTY-FIFTH CLAIM FOR RELIEF

282.   The Plaintiff repeats and incorporates by reference the paragraphs above.

283.   By the foregoing and other acts, defendant 2012 Honda Pilot, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SIXTY-SIXTH CLAIM FOR RELIEF

284.   The Plaintiff repeats and incorporates by reference the paragraphs above.

285.   By the foregoing and other acts, defendant 2016 BMW X5, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SIXTY-SEVENTH CLAIM FOR RELIEF

286.   The Plaintiff repeats and incorporates by reference the paragraphs above.

287.   By the foregoing and other acts, defendant 2001 Mercedes-Benz, constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTY-EIGHTH CLAIM FOR RELIEF

288.   The Plaintiff repeats and incorporates by reference the paragraphs above.

289.   By the foregoing and other acts, defendant 2002 Porsche 911, constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTY-NINTH CLAIM FOR RELIEF

290.   The Plaintiff repeats and incorporates by reference the paragraphs above.

291. By the foregoing and other acts, defendant 2014 Subaru Legacy, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SEVENTIETH CLAIM FOR RELIEF

292. The Plaintiff repeats and incorporates by reference the paragraphs above.

293. By the foregoing and other acts, defendant 2012 Toyota Rav4, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SEVENTY-FIRST CLAIM FOR RELIEF

294. The Plaintiff repeats and incorporates by reference the paragraphs above.

295. By the foregoing and other acts, defendant 2015 Toyota Sienna, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SEVENTY-SECOND CLAIM FOR RELIEF

296. The Plaintiff repeats and incorporates by reference the paragraphs above.

297.   By the foregoing and other acts, defendant 2015 Toyota Sienna, constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SEVENTY-THIRD CLAIM FOR RELIEF

298.   The Plaintiff repeats and incorporates by reference the paragraphs above.

299.   By the foregoing and other acts, defendant 2014 Toyota FJ Cruiser, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

### SEVENTY-FOURTH CLAIM FOR RELIEF

300.   The Plaintiff repeats and incorporates by reference the paragraphs above.

301.   By the foregoing and other acts, defendant 2015 Scion TC, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the Defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate

of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED at Denver, Colorado this 25th day of October, 2018.

ROBERT C. TROYER
United States Attorney

s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov